In the Matter of the Arbitration between GIULIO GHIRON, Appellant, and JOSEPH MAYR et al., as Copartners Trading as JOSEPH MAYR & Co., Respondents.

First Department, June 18, 1963.

*Stephen Steinbrecher* of counsel (*Bernard Ferster* with him on the brief; *Drechsler & Leff*, attorneys), for appellant.

*Solomon Millendorf* for respondents.

*Per Curiam.* Petitioner appeals from an order denying his application for a stay of action pending arbitration. Petitioner is the defendant in the action sought to be stayed and the respondents are the plaintiffs. The plaintiffs constitute a partnership engaged in stock brokerage and are members of the New York Stock Exchange. At the time of the incident on which the complaint was based petitioner was a registered representative of respondents. It is not disputed that the constitution of the New York Stock Exchange provides that any controversy between a nonmember and a member firm arising out of the business of the member shall at the instance of the nonmember be submitted to arbitration (art. VIII, § I). Also, the rules of the board of governors provide that any controversy arising between a registered representative and a member firm involving the employment of such registered representative shall be settled by arbitration at the instance of either party.

The complaint is in slander. The utterances alleged to be slanderous concerned the finances and business of the respondents. They are alleged to have been made to a customer of the firm. While the words spoken are in dispute, it is undisputed that they were spoken by defendant while engaged in his duties as a representative or employee of respondents and in connection with their business. As such, the controversy arises out of the business of the respondents and the employment of petitioner.

The order should be reversed on the facts and the law, and the motion granted, with costs to appellant.

RABIN, J. (dissenting). I dissent and vote to affirm the order denying petitioner's motion to stay the action pending arbitration.

Whereas the by-laws require that all controversies between members be arbitrated, in cases where a nonmember is involved, arbitration is only required where the controversy arises out

of the member's business. This points up the more limited application of the arbitration clause where nonmembers, such as the petitioner, are involved. The slanderous statements allegedly uttered by the petitioner to a customer of the respondents, which consisted of comments reflecting on respondents' financial stability, while referring to respondents' business did not result in a dispute arising " out of " such business. Consequently, it was not within the contemplation of the arbitration clause. The only construction I can place upon the arbitration clause is that, as between a member and a nonmember of the Stock Exchange, it encompasses only transactions between them arising out of the brokerage business.

BOTEIN, P. J., BREITEL, STEVENS and STEUER, JJ., concur in *Per Curiam* opinion; RABIN, J., dissents in opinion.

Order, entered on February 21, 1963, reversed, on the law and on the facts, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs.